IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL DUFAULT, | NO. _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| DONALD J. DEFRONZO in his official capacity as Connecticut Commissioner of Administrative Services; CORRECTIONAL OFFICER PITTMAN, in his individual capacity, and CORRECTIONAL OFFICER PORTALATIN, in his individual capacity, | |
| Defendants. | APRIL 15, 2014 |

## **COMPLAINT**

Plaintiff Michael DuFault, by and through his undersigned counsel, alleges the following upon personal knowledge and, as to facts not within personal knowledge, upon information and belief:

## **THE PARTIES**

1. Plaintiff Michael DuFault is a citizen of Connecticut who is domiciled in Middletown.

2. At the time of the events alleged herein, Mr. DuFault was a prisoner in the custody of the Connecticut Department of Correction incarcerated at Garner Correctional Institution located at 50 Nunnawauk Road in Newtown, Connecticut.

3. Mr. DuFault is no longer incarcerated.

4. Defendant Donald J. DeFronzo is the Commissioner of the Connecticut Department of Administrative Services.

5. Upon information and belief, Commissioner DeFronzo is the Connecticut state officer who is responsible for asserting and collecting liens pursuant to Connecticut General Statutes Sections 18-85a and 18-85b.

6. Commissioner DeFronzo is sued in his official capacity for declaratory and injunctive relief only.

7. At the time of the events alleged herein, Defendant Correctional Officer Pittman (whose first name is unknown to Mr. DuFault) was an employee of the Connecticut Department of Correction assigned to work at Garner Correctional Institution.

8. At the time of the events alleged herein, Defendant Correctional Officer Portalatin (whose first name is unknown to Mr. DuFault) was an employee of the Connecticut Department of Correction assigned to work at Garner Correctional Institution.

9. Defendants Pittman and Portalatin were, at all relevant times, acting under color of state law.

10. Defendants Pittman and Portalatin are sued in their individual capacities for money damages.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this lawsuit arises under the Constitution and laws of the United States.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 insofar as Mr. DuFault seeks declaratory and related injunctive relief.

13. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 because a substantial part of the activity that forms the basis for this Complaint occurred within this District.

## THE NOVEMBER 10, 2012 ASSAULT

14. On or about November 10, 2012, Defendants Pittman and Portalatin were working as correctional officers in the C-Block area ("C-Block") at Garner Correctional Institution with responsibility for supervising the C-Block inmates' lunch.

15. While Defendants Pittman and Portalatin were on duty in C-Block, Mr. DuFault was assaulted by Inmate Cruz (whose first name is unknown to Mr. DuFault).

16. The assault took place while Mr. DuFault, Inmate Cruz and other inmates were out of their cells for lunch.

17. The assault took place in an open and visible common area of C-Block.

18. At the time of the assault, Defendants Pittman and Portalatin were monitoring C-Block from an area known colloquially as "the Bubble."

19. The Bubble is adjacent to the common area in which the assault took place.

20. Defendants Pittman and Portalatin could see and did see the assault from their positions in the Bubble.

21. During the assault, Inmate Cruz knocked Mr. DuFault to the ground and proceeded to hit and kick him repeatedly.

22. The assault lasted for several minutes, during which time Inmate Cruz walked away from Mr. DuFault several times and then returned to continue hitting and kicking Mr. DuFault.

23. At one point during the assault, Defendant Pittman physically turned his back on Mr. DuFault and Inmate Cruz to allow the assault to continue unabated.

24. After the assault had continued for several minutes without any action from Defendants Pittman and Portalatin, Inmate Michael Andrews attempted to restrain Inmate Cruz from continuing to assault Mr. DuFault.

25. Inmate Cruz responded by attacking Inmate Andrews, causing Inmate Andrews to retreat. Inmate Cruz then resumed his assault on Mr. DuFault.

26. At no time during the assault did Defendant Pittman or Defendant Portalatin take action to restrain Inmate Cruz or obtain assistance from other correctional officers to protect Mr. DuFault from injury. In short, they did nothing to stop the assault.

27. The assault finally ended when a nurse for the Department of Correction witnessed Inmate Cruz beating Mr. DuFault and called for help.

**MR. DUFAULT'S INJURIES**

28. Mr. DuFault was hospitalized as a result of the injuries he sustained during the assault.

29. The injuries Mr. DuFault sustained included, but were not limited to, a fractured orbital bone, vision loss, lacerations and bruises.

30. Mr. DuFault also suffered physical pain both during and after the assault.

31. Mr. DuFault continues to receive treatment for his injuries.

32. These injuries would not have occurred or would have been less severe if Defendants Pittman and Portalatin had intervened in a timely manner to protect Mr. DuFault.

**FIRST COUNT**
**(Violation of 42 U.S.C. § 1983)**

33. Mr. DuFault incorporates the allegations set forth in Paragraphs 1-32 of this Complaint as if set forth fully herein.

34. At the time of the assault, Mr. DuFault had a right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

35. Among other things, the Constitution's prohibition against cruel and unusual punishment requires correctional officers to take reasonable steps to protect inmates in their custody from injury inflicted by other inmates.

36. Defendants Pittman and Portalatin knew of conditions creating a substantial risk that Mr. DuFault would suffer serious harm. Specifically, Defendants Pittman and Portalatin were aware that Mr. DuFault was being assaulted by Inmate Cruz.

37. Defendants Pittman and Portalatin were physically present in C-Block during the assault and had the opportunity to take action to stop Inmate Cruz from continuing to assault Mr. DuFault by intervening themselves and by calling for help from other officers.

4

38. Although Defendants Pittman and Portalatin knew of the substantial risk that Mr. DuFault would suffer serious physical injuries if the assault were allowed to continue, and although Defendants Pittman and Portalatin had the opportunity to take action to eliminate that risk, they acted with deliberate indifference to Mr. DuFault's safety and security in choosing not to take any steps to protect Mr. DuFault.

39. Defendants Pittman and Portalatin subjected Mr. DuFault to cruel and unusual punishment in violation of his Constitutional rights by failing to intervene in a timely and appropriate manner to stop the assault by Inmate Cruz.

40. Defendants Pittman and Portalatin violated Mr. DuFault's Constitutional rights while acting under color of state law and wearing the uniform of the Connecticut Department of Correction.

41. Mr. DuFault suffered injury as a result of the violation of his Constitutional rights by Defendants Pittman and Portalatin.

42. Defendants Pittman and Portalatin are liable in their individual capacities under 42 U.S.C. § 1983 for violating Mr. DuFault's Constitutional rights.

## SECOND COUNT
**(Declaratory and Injunctive Relief)**

43. Mr. DuFault incorporates the allegations set forth in Paragraphs 1-42 of the Complaint as if set forth fully herein.

44. The first count of this Complaint seeks relief for injuries that Mr. DuFault sustained while he was incarcerated through misconduct by present or former employees of the Department of Correction acting under color of state law.

45. The State of Connecticut has a statutory obligation to defend and indemnify employees of the Department of Correction for personal liability relating to the performance of their duties.

46. Upon information and belief, the State of Connecticut will provide Defendants Pittman and Portalatin with a defense in this case.

47. Upon information and belief, the State of Connecticut will indemnify Defendants Pittman and Portalatin should they be held liable in their individual capacities in this case.

48. Pursuant to Connecticut General Statutes Sections 18-85a and 18-85b, the State of Connecticut has the authority to assert lien rights over litigation proceeds recovered by present and former inmates to reimburse the State for the costs of incarcerating that inmate.

49. Upon information and belief, it is the common practice of the State of Connecticut, acting through the Commissioner of Administrative Services, to assert incarceration liens over the proceeds recovered by inmates alleging violations of 42 U.S.C. § 1983 by corrections officers.

50. Upon information and belief, it is common for the State of Connecticut to threaten to assert incarceration liens over any recovery won in a lawsuit by an inmate alleging a violation of 42 U.S.C. § 1983 as a way to secure a more favorable settlement.

51. Insofar as Connecticut General Statutes Sections 18-85a and 18-85b, or the regulations promulgated thereunder, permit the State of Connecticut to recover back money that it has paid to indemnify correctional officers for their personal liability in Section 1983 lawsuits arising from civil rights violations suffered by inmates during their incarceration, these statutes and regulations conflict with, and thus are preempted by, 42 U.S.C. § 1983.

52. There exists an immediate, real and justiciable controversy between Mr. DuFault and Commissioner DeFronzo regarding the validity and enforceability of Connecticut General Statutes Sections 18-85a and 18-85b and the regulations promulgated thereunder.

53. This Court should issue a declaration that Connecticut General Statutes Sections 18-85a and 18-85b and the regulations promulgated thereunder are preempted by 42 U.S.C. § 1983 insofar as they permit the State of Connecticut to recover back money that it will pay to

indemnify Defendant Pittman or Defendant Portalatin for their personal liability under Section 1983 arising from civil rights violations suffered by Mr. DuFault during his incarceration.

54. This Court should issue a permanent injunction barring Commissioner DeFronzo and those acting on his behalf, as well as his successors in office and those acting on their behalf, from asserting a lien for the costs of incarceration against any proceeds that Mr. DuFault recovers from Defendant Pittman or Defendant Portalatin in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael DuFault prays for judgment in his favor and relief against Defendants Pittman and Portalatin in their individual capacities as follows:

A. Compensatory damages under 42 U.S.C. § 1983;

B. Attorneys' fees under 42 U.S.C. § 1988(c);

C. Expert fees under 42 U.S.C. § 1988(d);

D. Punitive damages under law for the defendants' reckless and callous indifference to Mr. DuFault's federally protected rights;

E. Costs of suit;

F. A declaration that Connecticut General Statutes Sections 18-85a and 18-85b and the regulations promulgated thereunder are preempted by 42 U.S.C. § 1983 insofar as they permit the State of Connecticut to recover back money that it has paid to indemnify Defendant Pittman or Defendant Portalatin for their individual liability in this Section 1983 lawsuit arising from civil rights violations suffered by Mr. DuFault during his incarceration;

G. Permanent injunctive relief barring Commissioner DeFronzo and those acting on his behalf, as well as his successors in office and those acting on their behalf, from asserting a lien for the costs of incarceration against any proceeds that Mr. DuFault recovers from Defendant Pittman or Defendant Portalatin in this case; and

H. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Michael DuFault demands a jury trial on all matters so triable.

                                           PLAINTIFF, MICHAEL DUFAULT

                                           By:    /s/ John M. Tanski
                                                  Francis H. Morrison III (ct04200)
                                                  John M. Tanski (ct27529)
                                                  Tara R. Rahemba (ct28337)
                                                  AXINN, VELTROP & HARKRIDER LLP
                                                  90 State House Square, 9th Floor
                                                  Hartford, Connecticut 06103
                                                  Tel. 860.275.8100
                                                  Fax 860.275.8101
                                                  Email:  fmorrison@axinn.com
                                                               jtanski@axinn.com
                                                               trahemba@axinn.com